UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE DUPREE EADDY,

                Petitioner,    CRIM. CASE NO. 94-50015-04

v.

                                 HONORABLE PAUL V. GADOLA
UNITED STATES OF AMERICA,     U.S. DISTRICT COURT

                Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

Before the Court is Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, filed on Aug 11, 2004. Originally, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on July 16, 2004. On July 18, 2004, the Court ordered Petitioner to show cause why the Court should not characterize his motion for relief from judgment as a motion to correct sentence pursuant to 28 U.S.C. § 2255. Petitioner filed a response on August 11, 2004 entitled "Motion to Withdraw Petitioner's Rule 60(b) Motion and Submit His Motion to Amend § 2255 Pleading Pursuant to Federal Rules of Civil Procedure Rule 15(c)(1)." Although the response was entitled a "Motion to Amend § 2255 Pleading" in which Petitioner asked the Court to consider his motion to "relate back" to Petitioner's "'initial' § 2255 motion," Petitioner acknowledged that he had not yet filed a motion pursuant to 28 U.S.C. § 2255.

Mot. at 5.  The Court accepted this response, discharged the show cause, and accepted the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

After reviewing the petition, the Court has decided that because Petitioner's "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court will deny Petitioner's motion.  28 U.S.C. § 2255 ¶ 2.

Petitioner's sole ground for relief is that his sentence was imposed in violation of Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004).  Blakely, however, is not applicable to Petitioner's sentence because Petitioner's sentence was imposed in accordance with the United States Sentencing Guidelines.  See Id. at 2538, n.9 ("The Federal Guidelines are not before us, and we express no opinion on them.").  On January 12, 2005, the Supreme Court applied the principles in Blakely to hold that the United States Sentencing Guidelines were unconstitutional insofar as it mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt.  United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Petitioner's claim, that his sentence was imposed in violation of Blakely, is, therefore, properly a claim brought under Booker.

Nevertheless, the Sixth Circuit has held that Booker does not apply retroactively to cases on collateral review.  Humphress v.

2

United States, 398 F.3d 855, 860-63 (6th Cir. 2005).  In fact, courts in all eleven circuits and the D.C. Circuit have likewise held that Booker does not apply retroactively on collateral review. See Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); Daniel v. United States, 2005 U.S. Dist. LEXIS 11509 (N.D. W. Va. 2005)(unpublished); In re Elwood, 2005 U.S. App. LEXIS 7343 (5th Cir. 2005)(unpublished); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); Clark v. United States, 2005 U.S. Dist. LEXIS 11148 (D. Minn. 2005); Hewett v. United States, 2005 U.S. Dist. LEXIS 10910 (D. Haw. 2005)(unpublished); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-68 (11th Cir. 2005); United States v. Agramonte, 366 F. Supp. 2d 83, 89 (D.D.C. 2005).

Petitioner was sentenced on April 8, 1999 and the judgment and commitment order was entered the same day.  Booker was decided on January 12, 2005.  Petitioner is attempting to apply Booker retroactively to attack his sentence collaterally, which is not possible.  Thus, Petitioner's "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

3

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [attached to docket entry 1062] is **DENIED.**

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. See Castro v. United States, 310 F.3d 900, 903 (6th Cir. 2002) ("We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."). The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED.**

Dated:   August 25, 2005            s/Paul V. Gadola
                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT JUDGE

4

Certificate of Service

I hereby certify that on  August 26, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                        Mark C. Jones                                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Maurice Eaddy                                        .


                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845